Argued and submitted July 9, 2014, reversed and remanded February 4, 2015

JENNIFER ANN COX,
*Petitioner-Respondent,*

*v.*

Nancy HOWTON,
Superintendent,
Coffee Creek Correctional Facility,
*Defendant-Appellant.*

Washington County Circuit Court
C100159CV; A151196

343 P3d 677

Pamela J. Walsh, Assistant Attorney General, argued the cause for appellant. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Ryan O'Connor argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

## DE MUNIZ, S. J.

Defendant appeals a judgment granting petitioner post-conviction relief, arguing that that the post-conviction court applied the incorrect legal standard for determining prejudice. We agree and reverse and remand to the post-conviction court for further proceedings.

Our review in post-conviction proceedings is for errors of law. *Chew v. State of Oregon*, 121 Or App 474, 476, 855 P2d 1120 (1993). Under that standard, we are bound by the post-conviction court's findings of fact when the evidence in the record supports those findings. *Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989).

The facts relevant to this appeal are largely procedural and undisputed. Petitioner pleaded guilty to the charges of second-degree assault, ORS 163.175, strangulation, ORS 163.187, and assaulting a public safety officer, ORS 163.208. She subsequently sought post-conviction relief, alleging that her guilty pleas were not knowing and voluntary because her trial counsel rendered inadequate assistance in that he misunderstood the culpability requirements for the crimes with which petitioner was charged, failed to adequately advise petitioner about a potential "defense" under ORS 161.125(1), and misunderstood which party had the burden of proof for the aforementioned "defense."[1] Following a hearing, the post-conviction court concluded that petitioner was entitled to post-conviction relief because petitioner's trial counsel incorrectly advised petitioner that she would have the burden of proof regarding her inability to form the mental state element for the crimes with which she was charged, failed to follow up with a defense expert, Dr. Prescott, regarding petitioner's ability to form the prerequisite mental state, and that those failures prejudiced petitioner because they had a "substantial tendency *** to affect petitioner's decision to accept the plea offer."

---

[1] The inability to form the requisite mental state element of a charged crime is frequently referred to as *diminished capacity*. However, describing *diminished capacity*, as set out in ORS 161.125(1), as providing a statutory defense to a criminal charge is incorrect. Rather, under ORS 161.125(1) evidence of the use of drugs or controlled substances, dependence on drugs or controlled substances, or voluntary intoxication does not constitute a defense to a criminal charge, but may be offered by a defendant whenever it is relevant to negate an element of the crime charged—*e.g.*, mental state.

On appeal, defendant contends that, in granting post-conviction relief, the post-conviction court applied an incorrect prejudice standard in concluding that "trial counsel's failure to correctly advise petitioner of the burden of proof and culpability requirement and failure to follow up with Dr[.] Prescott on the issue of knowingly, given the true burden of proof, had a tendency—in fact a substantial tendency—to affect petitioner's decision to accept the plea offer." According to defendant, in *Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991), the Oregon Supreme Court held that, to prove prejudice, a post-conviction petitioner that has pleaded guilty to the underlying crime must prove, by a preponderance of the evidence, that he or she would not have entered the guilty plea were it not for counsel's inadequate assistance. We agree.[2]

In *Moen*, the petitioner had alleged that his no-contest plea was void because his counsel had not informed him that the trial court might impose a minimum sentence. The Supreme Court concluded that,

"[i]n order to prevail in this case, petitioner must show by a preponderance of the evidence that, had counsel informed [the petitioner] of the possibility of a minimum sentence, or had he otherwise been aware of it, he would not have pleaded no contest. Our holding is consistent with ORS 138.530(1) (a), which directs the court to grant post-conviction relief only when 'a substantial denial' of constitutional rights occurred in the proceedings resulting in petitioner's conviction, which renders the conviction void."

*Moen*, 312 Or at 513 (footnote omitted).

In accordance with *Moen*, we have consistently required post-conviction petitioners who have pleaded guilty to an underlying crime to prove by a preponderance of the evidence that they would not have pleaded guilty had they received adequate assistance of counsel. *See, e.g., Rodriquez-Moreno v. State of Oregon*, 208 Or App 659, 667, 145 P3d 256

---

[2] We note that, when a post-conviction petitioner does not plead guilty to the underlying crime, the prejudice standard is different. In those cases, to show prejudice, the petitioner must demonstrate that the attorney's failure to exercise reasonable professional skill and judgment "would have had a tendency to affect the result." *Gorham v. Thompson*, 332 Or 560, 564, 34 P3d 161 (2001).

(2006), *rev den*, 343 Or 159 (2007) (denying post-conviction relief because "the evidence does not support a finding that there was a reasonable probability that, but for counsel's error, petitioner would not have entered into the plea agreement"); *Stroup v. Hill*, 196 Or App 565, 573, 103 P3d 1157 (2004), *rev den*, 338 Or 432 (2005) ("Petitioner does not assert that he would not have entered into the eventual plea agreement had he known that his sentence exceeded the statutory maximum."); *Chew*, 121 Or App at 479 ("Petitioner must prove by a preponderance of the evidence that he would not have pleaded guilty if his attorney had properly advised him.").

Here, as noted earlier, the post-conviction court concluded that petitioner had established that she was prejudiced and entitled to post-conviction relief because trial counsel's mistaken advice had a "tendency" to "affect petitioner's decision to accept the plea offer." In doing so the post-conviction court erred. However, we reject defendant's argument that we should conclude at this stage of the proceedings that petitioner is not entitled to post-conviction relief. A close reading of the post-conviction court's findings and legal conclusion reveals that it did not resolve whether, had petitioner been properly advised, she would have rejected the plea offer and proceeded to trial. Under the circumstances, it is for the post-conviction court in the first instance to decide that issue. *See Moen*, 312 Or at 513-14 (remanding to the post-conviction court for the factfinder to determine whether, under the proper legal standard, petitioner was prejudiced). Accordingly, we remand to the post-conviction court for further proceedings consistent with this opinion.[3]

Reversed and remanded.

---

[3] As we understand the record, the post-conviction court's decision to grant post-conviction relief was made under Article I, section 11, of the Oregon Constitution and that the post-conviction court made no determination under the federal constitution. *See Montez v. Czerniak*, 355 Or 1, 7 n 3, 322 P3d 487 (2014) (citing *Lichau v. Baldwin*, 333 Or 350, 358-359, 39 P3d 851 (2002) for the proposition that, when evaluating whether a petitioner in a post-conviction proceeding was denied right to adequate counsel, a court first considers claim under the Oregon Constitution, and, if petitioner prevails, a court does not consider claims under the Sixth Amendment). Accordingly, and depending on the post-conviction court's determination on remand, petitioner's claim for post-conviction relief under the federal constitution may also need to be determined by the post-conviction court.