Submitted February 24, affirmed August 23, 2023

PAUL ALLEN BLAIN,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV43702; A175317

536 P3d 623

Petitioner appeals from a judgment denying his petition for post-conviction relief. In his underlying case, he pleaded guilty to first-degree theft and manufacture, delivery, and possession of methamphetamine, after police searched for and seized evidence from petitioner's garbage bin at his residence without a warrant. After petitioner was convicted, the Supreme Court decided *State v. Lien/Wilverding*, 364 Or 750, 763-64, 441 P3d 185 (2019), which held that searches of an individual's garbage bins at the curb, absent a warrant or a warrant exception, are unconstitutional. Shortly thereafter, petitioner filed for post-conviction relief. On appeal, he assigns error to the post-conviction court's determination that he failed to prove, under ORS 138.530(1)(a), that the Supreme Court's holding in *Lien/Wilverding*, must be retroactively applied to his convictions and that he therefore failed to prove his convictions void. *Held*: The post-conviction court did not err. Petitioner pleaded guilty to the charges. Accordingly, the validity of his convictions was not affected by any antecedent constitutional infirmity of the police's search because his convictions did not rest in any way on evidence that may have been improperly seized. Therefore, petitioner failed to establish his were convictions void.

Affirmed.

J. Burdette Pratt, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

In 2018, petitioner pleaded guilty to four drug offenses. In this post-conviction proceeding, petitioner sought relief from those convictions on two separate grounds. He first argued that his trial counsel was constitutionally inadequate for failing to file a motion to suppress, raising the argument that ultimately prevailed in *State v. Lien/Wilverding*, 364 Or 750, 781-82, 441 P3d 185 (2019), which held that searches of an individual's garbage bins at the curb, absent a warrant or a warrant exception, are unconstitutional. Additionally, petitioner raised a stand-alone claim, arguing that the *Lien/Wilverding* decision should apply retroactively to his convictions. The post-conviction court denied relief. We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), and affirm.

## BACKGROUND

In July 2015, the police, acting on a tip, arranged for the sanitation company serving petitioner's home to pick up his trash cans and bring them to the police for a search. After the police found amphetamine and methamphetamine, drug packaging materials, and an apparent drug ledger in his garbage bin, the police obtained a search warrant for petitioner's home, person, and vehicle. During those searches, police found drug ledgers, packaging materials, scales with residue on them, baggies containing a white crystalline substance, and over $24,000 in cash.

The state charged petitioner with manufacture, delivery, and possession of methamphetamine, and first-degree theft. Petitioner pleaded guilty to the four charges in January 2018 and stipulated to a 111-month prison sentence. In exchange, the state agreed to not bring additional controlled substance charges that could have resulted in the court imposing 68 additional months in prison and to dismiss a separate felony driving charge in its entirety. Petitioner did not file a direct appeal.

In May 2019, the Supreme Court decided *Lien/Wilverding*. In *Lien/Wilverding*, the court held that under

Article I, section 9, of the Oregon Constitution, persons have protected "privacy interests in their garbage that ha[s] been placed within a closed, opaque container and put out at curbside for collection by the sanitation company." 364 Or at 763-64. In reaching that decision, the court overruled Oregon's longstanding precedent that had allowed police to search garbage bins at the curb without a warrant. *See id.* at 780-81 (specifically overruling *State v. Howard/Dawson*, 342 Or 635, 643, 157 P3d 1189 (2007)).

Shortly thereafter, petitioner filed for post-conviction relief. Petitioner asserted that his trial counsel was ineffective for failing to file a motion to suppress that raised the argument that had prevailed in *Lien/Wilverding*. Petitioner also raised a stand-alone claim, arguing that *Lien/Wilverding* applied retroactively, and that the police's warrantless search of his curbside garbage rendered his convictions void.

The post-conviction court denied petitioner's claims for relief, concluding that trial counsel "reasonably relied on the longstanding caselaw in Oregon that people do not retain a protected property interest in garbage" and that petitioner had failed to prove prejudice. The post-conviction court also concluded, as relevant to the standalone claim, that petitioner failed to prove that the *Lien/Wilverding* decision "was a watershed rule of criminal procedure that must be retroactively applied to his convictions."

Petitioner appeals.

## ANALYSIS

In petitioner's first assignment of error, petitioner contends that the post-conviction court erred in finding that counsel was not inadequate for failing to file a motion to suppress that raised the legal argument that ultimately prevailed in *Lien/Wilverding*. We conclude that the post-conviction court correctly denied relief because petitioner did not prove that he suffered prejudice. *See Montez v. Czerniak*, 355 Or 1, 6-8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (to prevail on a claim for inadequate assistance of counsel, a petitioner must prove both that his counsel's performance was constitutionally deficient

and that he suffered prejudice as a result). To prove prejudice after pleading guilty, a petitioner must show a "reasonable probability" that they would have proceeded to trial if their lawyer had advised them correctly. *See, e.g., Hill v. Lockhart*, 474 US 52, 58-59, 106 S Ct 366 (1985) (observing that "[i]n the context of guilty pleas," the prejudice prong under the federal constitutional standard requires the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"); *Moen v. Peterson*, 312 Or 503, 512-13, 824 P2d 404 (1991) (adopting *Hill*'s prejudice standard to the Oregon constitutional standard).

Here, the evidence shows that the state's plea offer, which included dismissing some charges and not seeking an upward departure sentence on the pleaded charges, would have been withdrawn if petitioner had filed a motion to suppress. The post-conviction record contains no evidence—let alone evidence found credible by the post-conviction court—that, absent defense counsel's alleged inadequate performance, petitioner would have chosen to reject the plea offer, file a motion to suppress (that would have been denied in the trial court), and proceed to trial, in the hopes that, if convicted, his convictions would be reversed on appeal in the event that the Supreme Court were to overturn long-standing precedent on curbside garbage searches. Absent such evidence, petitioner has failed to establish prejudice. The post-conviction court thus correctly denied petitioner's claim for relief on that ground.

We turn to petitioner's second assignment of error. Petitioner contends, as he did below, that *Lien*/*Wilverding* applies retroactively and renders his convictions void because the search of his garbage bin was unconstitutional. ORS 138.530(1)(a) (directing courts to grant relief when a petitioner shows a "substantial denial in the proceedings resulting in petitioner's conviction" and "which denial renders the conviction void"); *Long v. Cupp*, 6 Or App 289, 291, 487 P2d 674, *rev den* (1971) (a post-conviction proceeding "is not the equivalent of a direct appeal"; relief is available in a post-conviction proceeding only for the types of error enumerated in ORS 138.530).

In response, the superintendent argues that because petitioner challenges his guilty plea, and not any trial court ruling that admitted evidence deriving from the search of his garbage bin, his conviction is not the result of a "substantial denial in the proceedings" so as to render his conviction void under ORS 138.530. Stated differently, the superintendent argues that in this post-conviction proceeding, the only challenge that petitioner can bring to his conviction is to that of the proceeding involving his guilty plea. And because petitioner does not argue that his plea was not knowing, intelligent, and voluntary, his petition fails.

The post-conviction court rejected this claim on a different basis; thus, the superintendent makes this argument under the right-for-the-wrong reason doctrine. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (allowing for affirmance on an alternative basis when the facts support the alternative basis, the trial court's ruling is consistent with the "view of the evidence under the alternative basis for affirmance," and the record would not have developed differently had the court addressed the alternative basis). We conclude that each of those requirements are met in this case: The facts support the alternative basis, inasmuch as it rests on petitioner's guilty plea and, for that same reason, the record would not have developed differently, nor would a different record have affected the trial court's disposition. In particular, petitioner did not allege a post-conviction claim that his plea was not knowing, voluntary, or intelligent and, therefore, no factual record would have been developed as to that issue if the alternative basis had been raised below. We thus resolve the case under the alternative basis that the superintendent raises.

Turning to the merits of that alternative basis, we have little doubt that, had the search of petitioner's garbage bin occurred after *Lien/Wilverding*, the search would have been in violation of Article I, section 9, under *Lien/Wilverding*. But, in the posture of a post-conviction proceeding, as just described, a petitioner must establish a denial of rights of constitutional magnitude "in the proceedings resulting in petitioner's conviction." ORS 138.530(1)(a). The

"proceedings resulting in petitioner's conviction" here are the plea proceedings. Thus, we must determine whether during that proceeding, petitioner suffered a substantial denial of his state or federal constitutional rights that rendered his convictions void.

Generally, entry of a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 US 258, 267, 93 S Ct 1602, 36 L Ed 2d 235 (1973). That is because, in pleading guilty, a defendant admits that they committed the past acts charged in the indictment, and that admission forms the basis for determining their guilt. *See State v. Harris*, 339 Or 157, 172-73, 118 P3d 236 (2005); *see also State v. Kappelman*, 162 Or App 170, 175, 986 P2d 603 (1999) ("A guilty plea implicitly admits all facts necessary to support the material elements of a charge.").

In addition, a plea of guilty,

> "given in compliance with the requirements of due process, waives all defenses that could have been made at the trial of the cause, since, \*\*\* by a plea of guilty, all averments of fact are admitted, all defects not jurisdictional are cured, all defenses are waived and the prosecution is relieved from the duty of proving any facts."

*Barnett v. Gladden*, 237 Or 76, 83, 390 P2d 614 (1964) (internal quotation marks omitted). Therefore, as the United States Supreme Court has observed regarding federal constitutional claims raised on direct appeal, a valid guilty plea and the resulting conviction "simply renders *irrelevant* those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction." *Menna v. New York*, 423 US 61, 62 n 2, 96 S Ct 241, 46 L Ed 2d 195 (1975) (emphasis added).

As a result, if the underlying guilty plea was entered into knowingly and voluntarily, the plea generally forecloses a claim that seeks to collaterally attack the resulting conviction based on a deprivation of certain constitutional rights that occurred before the guilty plea. For example, in *Richardson v. Williard*, the defendant gave a confession before he entered the plea of guilty. 241 Or 376, 378, 406 P2d

156 (1965). In the post-conviction proceeding, he claimed that he would not have pled guilty if he had then known that the confession might have been inadmissible because of the Supreme Court's later decision in *State v. Neely*, 239 Or 487, 395 P2d 557, 398 P2d 482 (1964). *Id*. The court denied relief, explaining that "[w]hether or not defendant knew the confession was admissible was irrelevant because the plea of guilty with the advice of counsel was a judicial admission of all the material allegations of the indictment in a most indisputable form." *Id*.; *see also Endsley v. Cupp*, 1 Or App 169, 173, 459 P2d 448 (1969), *rev den* (1970) (the defendant was not entitled to post-conviction relief as his plea of guilty, which formed the basis of his conviction, was freely and voluntarily entered and was not result of nor tainted by prior confession).[1]

Here, petitioner pleaded guilty to the charges. The validity of those convictions thus rests directly on the sufficiency of that plea and, conversely, renders his claim on the constitutionality of the government's conduct that occurred prior to the plea irrelevant. *See Richardson*, 241 Or at 378. In other words, given that petitioner has admitted that he was guilty of the substantive crime, the validity of his convictions cannot be affected by any antecedent constitutional infirmity of the police's search because his convictions do not rest in any way on evidence that may have been improperly seized; instead, his convictions rest on his guilty plea. Petitioner did not contend in his petition that his plea was not voluntary, knowing, and intelligent. As such, petitioner fails to establish that his convictions, pursuant to a valid guilty plea, resulted from a substantial denial of a constitutional right, as required by ORS 138.530(1)(a).

Affirmed.

---

[1] Under federal law, there are exceptions to that rule. *Blackledge v. Perry*, 417 US 21, 30, 94 S Ct 2098, 40 L Ed 2d 628 (1974) (a defendant who pleads guilty may seek to set aside a conviction based on constitutional violations that challenge "the very power of the State to bring the defendant into court to answer the charge against him"). However, petitioner has not argued that any of those exceptions exist under Oregon law or apply here, and we therefore do not address them.