No. 14          January 4, 2024          139

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JASON LEROY NEALEIGH,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV41123; A179519

Claudia M. Burton, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying him post-conviction relief (PCR) for multiple convictions relating to three separate instances of domestic violence. On appeal, he argues that trial counsel was ineffective in failing to move to dismiss three of the convictions, because the state failed to maintain the hammer used in the assault, and in failing to properly advise him relating to his jury trial waiver. We affirm.

On appeal, we review the post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

Petitioner first contends that trial counsel should have moved to dismiss the charges involving a hammer for a violation of his right to due process, because the state failed to maintain the hammer itself and instead introduced only photographs at trial. Petitioner contends that the photographs of the hammer did not show any evidence of assault, such as blood or the victim's hair and, therefore, the hammer itself was exculpatory evidence that the state was obligated to hold on to and disclose. Moreover, according to petitioner, the victim's testimony at trial did not accurately describe the hammer and thus could have been impeached if petitioner had the hammer itself.

The record supports the trial court's decision finding that petitioner was not prejudiced by any failure of trial counsel. As the PCR court concluded, it was not clear, from the photograph's failure to show blood or the victim's description of the hammer, that the hammer itself would have been exculpatory. Rather, it could best be characterized as *potentially* useful to petitioner, meaning that petitioner would have needed to—and did not—demonstrate bad faith on the part of the state to establish a due process violation. *See Arizona v. Youngblood*, 488 US 51, 58, 109 S Ct 333, 102 L Ed 2d 281 (1988) (Absent "bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). Because

petitioner has not demonstrated that a motion to dismiss would have been successful, he cannot demonstrate that any failure by trial counsel prejudiced him.

The record also supports the trial court's decision to find that petitioner failed to demonstrate prejudice relating to trial counsel's advice regarding his jury trial waiver. According to petitioner, trial counsel was ineffective for failing to advise petitioner that a jury would have had to reach a unanimous verdict to convict him and that, had a verdict been nonunanimous, petitioner could have challenged it on appeal. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1396, 206 L Ed 2d 583 (2020) (overruling precedent to conclude that the Sixth Amendment guarantees the right to a unanimous jury verdict). However, petitioner did not prove that he would have proceeded to trial by jury had he received different advice—indeed, he did not present any evidence that his decision to waive a jury was affected in any way by whether a jury verdict must be unanimous. *See Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023) (concluding that petitioner did not establish prejudice when "[t]he post-conviction record contains no evidence—let alone evidence found credible by the post-conviction court—that, absent defense counsel's alleged inadequate performance, [neither petitioner's decision to enter a plea nor the outcome of the proceeding would have been different]").

Affirmed.