22 February 1, 2024 No. 2

IN THE SUPREME COURT OF THE
STATE OF OREGON

PAUL ALLEN BLAIN,
*Petitioner on Review,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Respondent on Review.*

(CC 19CV43702) (CA A175317) (SC S070528)

En Banc

On petition for review filed November 1, 2023;* considered and under advisement January 23, 2024.

Jedediah Peterson, O'Connor Weber LLC, Portland, filed the petition for review.

No appearance *contra*.

PER CURIAM

The petition for review is denied.

James, J., concurred and filed an opinion, in which Masih, J., joined.

_____
    * Appeal from Malheur County Circuit Court, J. Burdette Pratt, Judge. 327 Or App 584, 536 P3d 623 (2023).

**PER CURIAM**

The petition for review is denied.

**JAMES, J.,** concurring.

In this post-conviction case, petitioner alleges that his trial counsel was constitutionally inadequate and ineffective under both the state and federal constitutions for failing to file a motion to suppress the warrantless search and seizure of garbage from the garbage bin at his residence. At the time, prevailing Oregon law held that no privacy interest remained in garbage set out for pick up. *State v. Howard*, 342 Or 635, 641, 157 P3d 1189 (2007). However, five months before counsel's decision not to file a motion to suppress in this case, this court had granted review in *State v. Lien*, 364 Or 750, 441 P3d 185 (2019). Ultimately, our decision in *Lien* overruled *Howard*, holding that Oregonians retain their Article I, section 9, privacy interests in garbage that has been placed within a closed, opaque container and put out at curbside for collection. *Id.*

The Court of Appeals did not address whether counsel's performance was deficient, instead reasoning that petitioner could not show prejudice because, "[h]ere, the evidence shows that the state's plea offer, which included dismissing some charges and not seeking an upward departure sentence on the pleaded charges, would have been withdrawn if petitioner had filed a motion to suppress." *Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023).

Article I, section 11, of the Oregon Constitution guarantees a criminal defendant the right to counsel. The right to counsel under Article I, section 11, is the right to adequate counsel. *State v. Langley*, 314 Or 247, 258, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993). The adequacy of counsel is a contextual inquiry, dependent upon the "nature and complexity of the case." *Johnson v. Premo*, 361 Or 688, 701, 399 P3d 431 (2017). As such, constitutionally minimum adequate counsel may require a particular investigation, *see, e.g.*, *Richardson v. Belleque*, 362 Or 236, 257, 406 P3d 1074 (2017); certain motion practice, *see, e.g.*, *Peiffer v. Hoyt*, 339 Or 649, 653, 125 P3d 734 (2005) (accepting that adequate counsel may require the filing of

a motion to suppress, but holding that counsel was not so obligated in the context of that case); the raising of certain defenses, *see, e.g.*, *Lichau v. Baldwin*, 333 Or 350, 354, 39 P3d 851 (2002); or other actions by counsel, depending upon the case.

We have implicitly recognized some limits on what can be conditioned in a plea offer. For example, it is axiomatic that a prosecutor cannot condition a plea offer on defense counsel not advising the defendant about the contents, or advisability, of the offer. *See e.g.*, *Lyons v. Pearce*, 298 Or 554, 567, 694 P2d 969 (1985) ("One function a criminal defense attorney performs for a client is to disclose the consequences of a guilty plea and conviction."). But whether a plea offer can require that defense counsel abrogate some other essential aspect of the defense function is a more open question, with little treatment in caselaw to date. Although we have yet to take up the issue, at least one other court has opined that the prosecutorial practice of conditioning plea offers on defense counsel not taking some action may "infringe[] the right to counsel." *See, e.g.*, *State v. Zhao*, 157 Wash 2d 188, 204, 137 P3d 835, 843 (2006) (Sanders, J., concurring) (expressing concern about "the policy of the Pierce County Prosecutor's Office to deny plea bargains to accused sex offenders who interview their alleged victim" and discussing cases).

The uncertain legality of conditional plea offers is further complicated in the context of post-conviction relief. For example, if the standard for minimally adequate counsel under Article I, section 11, required a particular investigation, but a prosecutor's plea offer was conditioned on counsel not performing that investigation—effectively conditioning the plea on a defense attorney providing constitutionally inadequate counsel to their client—it is odd to rationalize, as did the Court of Appeals, how that same plea offer, which may have been instrumental in bringing about the deficient performance, could itself immunize that deficient performance from a remedy by establishing a lack of prejudice.

Despite those concerns, I concur in our decision to deny review in this case. Petitioner's arguments to this court focus primarily on the performance of counsel, not

on the treatment of prejudice by the Court of Appeals. The issue of whether plea offers conditioned upon defense counsel not performing some function violates the right to counsel guaranteed under Article I, section 11, of the Oregon Constitution will arise again, either on direct appeal or in the context of post-conviction, and when fully challenged and briefed, would be a proper subject for this court's review.

I respectfully concur in the denial of the petition for review.

Masih, J., joins in this concurring opinion.