126 February 22, 2024 No. 119

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

EDWARD V. MAKARENKO,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV16252; A178751

Patricia A. Sullivan, Judge.

Submitted January 30, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions for first-degree robbery and attempted first-degree robbery; defendant pleaded guilty to those charges. He argues that his criminal defense attorney was constitutionally inadequate because, according to petitioner, before petitioner pleaded guilty, counsel did not discuss the possibility of impeaching some of the state's witnesses with their prior criminal involvement, their changing narratives, and their motivation to incriminate petitioner to protect themselves. We review the post-conviction court's denial of post-conviction relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under those standards, we affirm.

After a series of three robberies carried out in the same manner over two days, witnesses and evidence left at one scene led police to individuals who knew petitioner. Those individuals, who later became the state's witnesses in the criminal case against petitioner, identified petitioner as the perpetrator of all three robberies. The state then charged petitioner with three counts of first-degree robbery and sought an upward departure sentence based on the facts that petitioner committed the robberies while on probation and while he had another pending criminal case. With the advice of counsel, petitioner elected to plead guilty to two counts of first-degree robbery and one count of attempted robbery in the first-degree. The trial court sentenced petitioner to 18 years in prison.

Petitioner later initiated this post-conviction proceeding. He alleged his defense counsel provided constitutionally inadequate and ineffective representation under the state and federal constitutions. In particular, petitioner alleged that counsel did not explain impeachment strategies to reduce the credibility of some of the state's witnesses due to their prior criminal involvement, their changing narratives to police, and their self-interest in incriminating petitioner to protect themselves. The post-conviction court denied relief because it found petitioner not credible in his assertion that he would have chosen to go to trial and

not taken the plea deal had his counsel advised him about impeachment procedures. The court reached that conclusion based, in part, on its determination that defense counsel "conducted a thorough investigation" of the case and "it is unlikely that the impeachment [p]etitioner describes would have done much good," making it unlikely that the alleged deficiencies in counsel's advice prejudicially affected petitioner's decision to plead guilty. Petitioner appealed.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently, and that the petitioner suffered prejudice as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To prove prejudice where, as here, a petitioner alleges that counsel's inadequate advice affected the petitioner's decision to plead guilty, the petitioner must establish by a preponderance of the evidence that, but for counsel's deficient advice, the petitioner would have rejected the plea deal and insisted on a trial. *Cox v. Howton*, 268 Or App 840, 842, 343 P3d 677 (2015). Where a post-conviction court makes findings on a party's credibility, those findings bind us on appeal. *Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023), *rev den*, 372 Or 22 (2024); *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (appellate court bound by fact-finding court's "finding that a party's evidence is not sufficiently persuasive").

Here, as noted, the post-conviction court found petitioner not credible that he would have gone to trial instead of pleading guilty had he been advised about impeachment procedures for the state's witnesses. We are bound by that credibility finding. *Blain*, 327 Or App at 588; *Johnson*, 335 Or at 523. Given that finding, the post-conviction court correctly concluded that petitioner did not demonstrate by a preponderance of the evidence that any alleged deficient performance by his defense counsel prejudiced him. *Cox*, 268 Or App at 842. Accordingly, we affirm the denial of post-conviction relief.

Affirmed.