No. 135          February 22, 2024          183

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RAFAEL HERRERA-WELKER,
aka Rafael Welker-Herrera,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV28318; A178931

J. Burdette Pratt, Judge.

Submitted  January 30, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Rafael Herrera-Welker filed the supplemental brief *pro se*.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from jury convictions for second-degree assault, unlawful use of a weapon, and possession of methamphetamine. We review the post-conviction court's denial of relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under that standard, we affirm.

After being charged with the criminal charges, petitioner exercised his right to a jury trial. He did not testify at the trial. The jury found petitioner guilty on all counts.

Petitioner then initiated the current post-conviction proceedings. He argued to the post-conviction court that his defense counsel was constitutionally inadequate because counsel failed to make sure that petitioner's decision not to testify was made knowingly, intelligently, and voluntarily. During the proceedings, petitioner deposed his criminal defense counsel. There, defense counsel stated that he talked several times—including during the trial—with petitioner about whether he should testify, that he advised it was petitioner's choice whether to testify, and that petitioner chose not to take the stand to testify. Defense counsel also stated that he did not think petitioner should testify because petitioner's story did not match up or make sense in the context of the criminal case.

Petitioner also presented testimony during the proceedings. Petitioner testified that it was defense counsel's idea to not have petitioner testify. Petitioner added that his counsel talked to him in detail about the consequence of testifying or not. In response to a question about what he would have testified to, petitioner stated his version of events that led to the criminal case.

The post-conviction court denied relief. The court found defense counsel's testimony about having advised petitioner of his right to testify credible and found petitioner not credible. Petitioner appealed.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently by failing to exercise reasonable professional skill and judgment and that petitioner was prejudiced as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). Where a post-conviction court makes findings on a party's credibility, those findings bind us on appeal. *Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023), *rev den*, 372 Or 22 (2024); *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (appellate court bound by fact-finding court's "finding that a party's evidence is not sufficiently persuasive").

We first note that petitioner's argument on appeal to us is different than the one he presented to the post-conviction court. To the post-conviction court, petitioner argued that his defense counsel was deficient for failing to ensure that his decision not to testify was knowing, intelligent, and voluntary. Now, to us, petitioner argues that his defense counsel was deficient for failing to "affirmatively advise petitioner that he should testify." We do not consider petitioner's unpreserved argument. As to his preserved argument, we are bound by the post-conviction court's credibility findings. *Blain*, 327 Or App at 588; *see also Johnson*, 335 Or at 523. That is, we are bound by the court's finding that petitioner's defense counsel did in fact advise petitioner that it was petitioner's choice whether to testify, and that petitioner made the informed decision not to testify. Accordingly, given those factual findings, petitioner's claim that his defense counsel failed to exercise reasonable professional skill and judgment in the advising of petitioner's right to testify necessarily fails.

One further issue remains. In a *pro se* supplemental brief, petitioner contends that the post-conviction court abused its discretion in denying his motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), and also erred by denying relief on his claim that trial counsel was inadequate and ineffective for not calling a particular witness. Our review of the record discloses no error in the post-conviction court's handling of the *Church* motion, and

the post-conviction court's binding factual findings regarding the witness claim, including its finding that petitioner failed to prove that the witness would have been available to testify, preclude petitioner from prevailing on that issue on appeal.

We thus affirm the denial of post-conviction relief.

Affirmed.