638 August 28, 2024 No. 607

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TRAVIS WADE GERLITS,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV08045; A181076

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions for various criminal charges and a violation of his parole condition.[1] Petitioner pleaded guilty to the charges and admitted the parole violation. Petitioner argues that the performance of his trial attorney was constitutionally inadequate, because, according to petitioner, counsel failed to advise him, before petitioner pleaded guilty, that the constitutional validity of the Oregon rule allowing conviction by nonunanimous juries was at issue before the United States Supreme Court, creating the possibility that Oregon's allowance of nonunanimous juries would be overturned, thus reducing the risk of conviction if petitioner were to exercise his jury trial right. We review the post-conviction court's denial of post-conviction relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under those standards, we affirm.

In March 2019, about a year before petitioner pleaded guilty, the United States Supreme Court granted certiorari in *Ramos v. Louisiana*, 139 S Ct 1318, 203 L Ed 2d 563 (2019), to consider whether the Sixth and Fourteenth Amendments permitted felony convictions in state courts by nonunanimous juries. The Supreme Court heard oral argument in October 2019. Petitioner, acting on the advice of counsel, pleaded guilty to his criminal charges and the alleged parole violation in February 2020. Counsel did not advise petitioner about the possibility that the Supreme Court would invalidate Oregon's nonunanimous jury rule. The trial court then sentenced petitioner to eight-and-a-half years in prison. In April 2020, about two months after petitioner's guilty plea, the Court held that the Sixth and Fourteenth Amendments required unanimous jury verdicts in felony cases, rendering Oregon's practice unconstitutional.

---

[1] Petitioner was convicted of felony assault in the fourth degree constituting domestic violence, coercion constituting domestic violence, menacing constituting domestic violence, felony fleeing or attempting to elude a police officer in a vehicle, recklessly endangering another person in a vehicle, and criminal mistreatment in the first degree.

*Ramos v. Louisiana*, 590 US 83, 93, 140 S Ct 1390, 206 L Ed 583 (2020).

Petitioner then filed a petition for post-conviction relief alleging that his defense counsel had provided constitutionally inadequate representation under both the state and federal constitutions. Petitioner alleged that his counsel performed inadequately in failing to advise him, before he pleaded guilty, of the possibility that Oregon's nonunanimous jury rule would be held unconstitutional in *Ramos*. In support of that allegation, petitioner submitted a declaration stating that he would have gone to trial and not pleaded guilty had counsel advised him about *Ramos*. In response to that allegation, counsel submitted a declaration that he would have been speculating about the effects of *Ramos* on petitioner's case had he advised petitioner about it. Counsel also stated that the state's evidence on the charged crimes was strong, and that the state might have sought longer prison terms if petitioner were to have gone to trial.

The post-conviction court denied relief, concluding, in part, that, in advising petitioner about *Ramos*, counsel would have had to speculate about the effects of *Ramos* on petitioner's case. The court also found that petitioner was not credible in his assertion that he would have gone to trial and not pleaded guilty had counsel advised him about *Ramos*. In so concluding, the court credited testimony by counsel. Petitioner challenges those rulings on appeal.

The standards for inadequate assistance of counsel under both the state and federal constitutions are "functionally equivalent." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To meet either standard, a petitioner must show that defense counsel performed deficiently, and that the petitioner suffered prejudice as a result of counsel's deficient representation. *Id*. at 568-69. To prove prejudice when, as here, the petitioner alleges that counsel's inadequate advice affected the decision to plead guilty, the petitioner must establish by a preponderance of the evidence that, but for counsel's deficient advice, the petitioner would have rejected the plea deal and instead gone to trial. *Cox v. Howton*, 268 Or App 840, 842, 343 P3d 677 (2015). When a post-conviction court makes findings on a

party's credibility, those findings bind us on appeal. *Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023), *rev den*, 372 Or 22 (2024); *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (appellate court bound by fact-finding court's "'finding' that a party's evidence is not sufficiently persuasive").

In this case, we assume, without deciding, that counsel performed deficiently by not advising petitioner about *Ramos* and its potential consequences for petitioner's jury-trial rights before petitioner pleaded guilty.[2] In contrast with our previous cases rejecting similar claims, the fact that the Supreme Court had granted certiorari on the nonunanimous jury question gives rise to the plausible contention in this case that in the exercise of reasonable professional skill and judgment, counsel needed to advise petitioner about the possible outcome of the Court's decision in *Ramos* and its potential effect on petitioner's jury trial right. *Ramos*, 590 US at 131 (Kavanaugh J., concurring). Even so, the post-conviction court's factual findings in this case preclude us from concluding that petitioner was prejudiced by any deficiency in counsel's advice. The post-conviction court found petitioner not credible when he stated that, had he known about *Ramos*, he would have gone to trial rather than pleaded guilty. That finding is supported by the record, binds us on appeal, and precludes the conclusion that petitioner suffered prejudice as a result of counsel's inadequacy. *See Johnson*, 335 Or at 523. Accordingly, we affirm the post-conviction court's judgment.

Affirmed.

---

[2] Counsel gave conflicting testimony about how he advised petitioner during the plea negotiation process, creating the possibility that petitioner misunderstood his options at the time he pleaded guilty. Counsel stated that he did not advise petitioner about the possibility of being convicted by a nonunanimous jury, but also stated that he advised petitioner about how the court would instruct the jury if petitioner were to go to trial. At that time, a court presumably would have instructed a jury that it could find petitioner guilty by a nonunanimous verdict. And contrary to the post-conviction court's finding, a *Ramos* holding that convictions by nonunanimous juries were unconstitutional would not have been too speculative for counsel's advice to petitioner. If, based on the advice about the status of *Ramos*, petitioner had elected a jury trial and been convicted by a nonunanimous jury, petitioner would have been entitled to the potential relief under *Ramos* if his direct appeal was pending. *State v Ulery*, 366 Or 500, 503, 464 P3d 1123 (2020).