170 June 4, 2025 No. 516

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL THOMAS CRAW,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV11843; A182186

J. Burdette Pratt, Senior Judge.

Submitted March 18, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Michael T. Craw filed the supplemental brief *pro se*.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief on five claims related to constitutionally ineffective and inadequate assistance of counsel in the underlying criminal case in which he pleaded no contest to 10 counts of first-degree encouraging child sexual abuse, ORS 163.684, and 10 counts of second-degree encouraging child sexual abuse, ORS 163.686. On appeal, he raises two assignments of error through counsel and three assignments of error *pro se*. In his counseled assignments, he claims that the post-conviction court erred in ruling that trial counsel was not ineffective for failing to advise petitioner that he could file a successful motion to suppress images obtained from his computer and for failing to advise petitioner that he had a right to a unanimous jury verdict. In his three supplemental *pro se* assignments of error, petitioner claims that the post-conviction court erred in ruling that trial counsel was not ineffective for failing to file a motion to suppress on the grounds that the warrant lacked probable cause or on the grounds that, among other things, it did not comply with the statutory requirements under ORS 133.615, and for failing to file a motion to dismiss on the grounds that his arrest was unlawful.

We reject petitioner's counseled assignments and first supplemental assignment because we conclude that petitioner did not establish his claims for relief. We reject petitioner's second and third supplemental assignments as unpreserved. We therefore affirm.

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.* A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) ("Only those acts or omissions by counsel which have a tendency to affect the

result of the prosecution can be regarded as of constitutional magnitude." (Internal quotation marks and brackets omitted.)). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 688, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). Under both the state and federal constitutions, "[t]o prove prejudice after pleading guilty, a petitioner must show a 'reasonable probability' that they would have proceeded to trial if their lawyer had advised them correctly." *Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023), *rev den*, 372 Or 22 (2024).

*Motion to Suppress Evidence.* In his first assignment of error, petitioner argues that the post-conviction court erred when it ruled that "trial counsel was not ineffective for failing to advise petitioner that he could file a successful motion to suppress images obtained from his computer." In his first supplemental *pro se* assignment of error, petitioner also assigns error to the trial counsel's failure to file a motion to suppress on the grounds that the warrant lacked probable cause. Because these assignments of error overlap, we address and resolve them together.

Citing *State v. Mansor*, 363 Or 185, 218, 421 P3d 323 (2018), petitioner argues that he could have successfully suppressed the evidence by challenging the search warrant on the basis that it failed to state with particularity what was to be searched on his devices within a sufficiently narrowed timeframe and that it was not supported by probable cause. *Mansor* was decided several years after petitioner's plea; however, even if the principles from that case applied at the time of petitioner's plea, and even if they would have led to suppression, petitioner cannot demonstrate prejudice.

Petitioner does not challenge the validity of the seizure of his digital devices, nor does he demonstrate that the state would have been prevented from curing any issue in the search warrant. *See, e.g.*, *State v. Tardie*, 319 Or App

229, 242, 509 P3d 705 (2022) (recognizing circumstances in which we have permitted successive search warrants to cure defects in prior warrants). Given that context, petitioner did not meet his burden to prove that a suppression motion would have ultimately been successful in preventing the images from being introduced at a trial.

To establish prejudice, petitioner had to demonstrate a reasonable probability that, absent his attorney's failure to advise him about a motion to suppress, he would have gone to trial. But as the post-conviction court determined, petitioner's claim that he would have rejected a plea and chosen to go to trial with the incriminating evidence was "not credible." Because petitioner did not demonstrate prejudice, the post-conviction court did not err when it denied relief to petitioner on that claim.

*Nonunanimous Jury Verdict*. In his second assignment of error, petitioner argues that the post-conviction court erred when it ruled that petitioner's no-contest plea was valid "when trial counsel failed to advise petitioner that he had a right to a unanimous jury verdict before he entered his plea." Petitioner claims that, "[o]n or before December 23, 2015, trial counsel should have known that Oregon's nonunanimous jury verdict rule of law was sure to be soon scrutinized by the Supreme Court of the United States."

We addressed that specific question in *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), where we held that "the obligation to exercise reasonable professional skill and judgment—under either [the United States or the Oregon] constitution—does not encompass an obligation to augur an about-face by the United States Supreme Court." We applied that holding in *Smith* to the context of a guilty plea in *Peeler v. Reyes*, concluding that if the defendant made an informed decision to plea based on the law as it was understood at the time, later changes in the law would not invalidate that earlier plea. 328 Or App 110, 118, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024). Applying existing case law to the present case, the post-conviction court did not err when it denied petitioner relief on the grounds that his no-contest plea was invalid.

*Second and Third Supplemental* Pro Se *Assignments of Error.*

In his second supplemental assignment of error, petitioner asserts that trial counsel failed to file a motion to suppress on the basis that the search warrant, among other things, did not comply with the statutory requirements under ORS 133.615. And in petitioner's third supplemental assignment of error, he argues that trial counsel failed to file a motion to dismiss on the grounds that his arrest was unlawful under both the Oregon and United States Constitution. Petitioner did not argue the claims he now raises in his second and third supplemental assignments of error to the post-conviction court, and, as a result, they are unpreserved. Petitioner has not asked us to review for plain error, and we decline to do so. Thus, the post-conviction court did not err in denying relief for petitioner.

Affirmed.