No. 626　　　　　July 9, 2025　　　　　815

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

FIDENCIA FLORES,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Facility,
*Defendant-Respondent.*

Washington County Circuit Court
22CV08602; A182562

Patricia A. Sullivan, Senior Judge.

Submitted June 6, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

KAMINS, J.

Petitioner appeals from the denial of post-conviction relief (PCR) from convictions for delivery of methamphetamine within 1,000 feet of a school, ORS 475.892, and delivery of methamphetamine, ORS 475.890.[1] Petitioner raises two assignments of error, which both rest on the fact that she pleaded guilty to, and was convicted of (among other crimes), two counts that involved delivery of a controlled substance under a "constructive delivery" theory that no longer applies. *See State v. Hubbell*, 371 Or 340, 537 P3d 503 (2023) (explaining what constitutes delivery of a controlled substance). We accept the PCR court's supported factual findings and review for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), and affirm.

*First Assignment of Error.* Petitioner first assigns error to the PCR court rejecting her inadequate assistance of counsel claim. To succeed on a claim of inadequate assistance, petitioner must establish by a preponderance of the evidence that trial counsel's performance "fell below an objective standard of reasonableness" and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *see also Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (explaining that federal and state tests for ineffective assistance are "functionally equivalent").

Under the controlling law at the time of petitioner's conviction in 2020, a person could be convicted of the completed crime of delivery of a controlled substance based on evidence, as in petitioner's case, that they possessed a large amount of a controlled substance with the intent to sell it. *State v. Boyd*, 92 Or App 51, 53-55, 756 P2d 1276, *rev den*, 307 Or 77 (1988). However, in 2021, nine months after petitioner's conviction in her second case, we overturned *Boyd*, holding that the completed crime of delivery required more than mere possession with intent to sell. *State v. Hubbell*, 314 Or App 844, 872, 500 P3d 728 (2021), *aff'd*, 371 Or 340,

---

[1] Petitioner was also convicted of first-degree criminal mistreatment, ORS 163.205.

537 P3d 503 (2023). Leading up to our decision in *Hubbell*, and less than one month before petitioner pleaded guilty, the Appellate Commissioner sent an email to the parties in *Hubbell* asking for additional briefing on the continuing viability of *Boyd*. Petitioner argues that her counsel was deficient because a reasonable attorney would have foreseen the subsequent change in the law.

We disagree. As we recently explained in *Ayala v. Fhuere*, 339 Or App 82, 566 P3d 716 (2025), the precedent set by *Boyd* was controlling for over 30 years "and its demise was sudden." *Id.* at 86. There was no evidence that the commissioner's email to the parties in *Hubbell* was publicized to defense practitioners—in fact, petitioner's attorney declared she "had never seen this email before, and did not see it while advising [petitioner] about her options with her case." Counsel was not deficient for failing to predict a legal sea change. *See id.* at 84-85 ("[E]ven when a legal issue is unsettled, an inadequate-assistance claim will prevail only if the state of the law was *so obviously ambiguous* that any lawyer exercising reasonable professional skill and judgment necessarily would have seen it." (Internal quotations omitted; emphasis added.)); *Montez v. Czerniak*, 355 Or 1, 32, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) ("Defense counsel cannot be faulted for lacking a crystal ball.").

Even assuming that her attorney's performance was deficient, petitioner has also failed to show that she was prejudiced by that deficiency. To demonstrate prejudice, petitioner must show that "she would not have entered the guilty plea were it not for counsel's inadequate assistance." *Cox v. Howton*, 268 Or App 840, 842, 343 P3d 677 (2015). The PCR court explicitly found, however, that, despite her testimony to the contrary, petitioner did not show that, had she known that *Boyd* might be overruled, she would not have entered her plea. That finding is binding on us. *See Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) (post-conviction court's finding that the petitioner was not credible in stating that he "would have gone to trial" but for counsel's alleged inadequacy "binds us on appeal").

*Second Assignment of Error.* Petitioner next assigns error to the PCR court's denial of her federal due process claim. Petitioner argues that her due process rights were violated by a conviction for a crime under an unlawful theory of guilt, thus establishing a "substantial denial" of petitioner's constitutional rights that "rendered the conviction[s] void." ORS 138.530(1)(a); *see generally Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022) (explaining what may comprise such a "substantial denial"). However, because petitioner pleaded guilty, the question of whether there was a "substantial denial" of her rights rests solely on the sufficiency of the *plea* and whether it was voluntary, knowing, and intelligent, and not on any purported prior constitutional violation. *Blain v. Cain*, 327 Or App 584, 591, 536 P3d 623 (2023), *rev den*, 372 Or 22 (2024) ("[I]f the underlying guilty plea was entered into knowingly and voluntarily, the plea generally forecloses a claim that seeks to collaterally attack the resulting conviction based on a deprivation of certain constitutional rights that occurred before the guilty plea."). Petitioner does not make such an argument.[2]

Affirmed.

---

[2] Petitioner asserts that *Blain* was incorrectly decided but makes no argument in support of that assertion. We thus decline to consider her argument. *See State v. England*, 334 Or App 545, 549, 556 P3d 1056 (2024) (noting that this court overrules precedent "only when it is plainly wrong, a rigorous standard satisfied only in exceptional cases, and the party seeking to change a precedent must affirmatively persuade us that we should abandon our prior decision").