294 June 3, 2026 No. 492

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRANDON MICHAEL ROBINSON,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV30085; A184288

W. D. Cramer, Jr., Senior Judge.

Submitted February 4, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Petitioner appeals a judgment denying post-conviction relief, assigning error to the post-conviction court's rejection of his claim of ineffective assistance of counsel. Petitioner contends that trial counsel was constitutionally inadequate for failing to challenge a delivery charge based on a legal theory that counsel should have anticipated due to a change in the case law that occurred after his guilty plea and sentencing. Petitioner argues that, had counsel done so, he would not have entered the guilty plea. Because petitioner failed to establish that he would not have entered into the plea agreement even if counsel had anticipated the change in the case law, he failed to prove prejudice from any alleged deficient performance. Therefore, we affirm.

Petitioner entered into a plea agreement in which he pleaded guilty to 22 charges in 14 cases and negotiated sentences totaling 105 months' incarceration. His later claim for post-conviction relief was based on a theory that trial counsel was inadequate for failing to raise a potential argument about what constitutes "delivery" for purposes of one of those 22 convictions, for delivery of methamphetamine. Long-controlling law permitted the state to pursue delivery charges based on possession with intent to distribute. *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988) (holding that possession with intent to distribute constitutes "delivery"). However, after his plea and sentencing, in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *aff'd*, 371 Or 340, 537 P3d 503 (2023), this court overruled *Boyd* and held that the completed crime of delivery required more than mere possession with a generalized intent to transfer in the future, even under an "attempted transfer" theory. *Hubbell*, 314 Or App at 870 (overruling *Boyd*).

Relying on that subsequent change in the law, petitioner sought post-conviction relief, arguing that trial counsel was constitutionally inadequate for failing to challenge the delivery charge in anticipation of *Hubbell*. Petitioner contended that, had counsel raised that argument, petitioner would not have entered the plea agreement as presented. The post-conviction court denied relief, concluding that counsel reasonably relied on then-controlling precedent

and that petitioner failed to prove prejudice. This appeal followed.

We review the denial of a claim of ineffective assistance of counsel for legal error, and our review is limited to questions of law on the record. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den*, 307 Or 340 (1989).

To prevail on a claim of ineffective assistance in the plea context, petitioner must prove that counsel failed to exercise reasonable professional skill and judgment, and that the deficiency prejudiced petitioner. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Here, even if petitioner could prove that counsel's performance was deficient, he has not proved that he suffered any prejudice.

Under either federal or state law in this context, courts require contemporaneous, record-based evidence of a petitioner's decision-making and do not rely on *post hoc* assertions. *Lee v. United States*, 582 US 357, 369, 137 S Ct 1958, 198 L Ed 2d 476 (2017). To prove prejudice in a claim that counsel was deficient leading to a plea agreement, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 US 52, 59, 106 S Ct 366, 88 L Ed 2d 203 (1985); *see Kent v. Kelly*, 343 Or App 500, 502, 578 P3d 1221 (2025) (explaining that under both the state and federal standards, a post-conviction petitioner must prove by a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different") (internal quotation marks omitted)); *see also Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023), *rev den*, 372 Or 22 (2024) (holding that the petitioner failed to establish prejudice because the record contained no evidence that he would have rejected a favorable plea offer, which included dismissal of charges and sentencing concessions, and instead proceeded to trial in the hope that existing precedent would be overturned); *Newmann v. Highberger*, 330 Or App 229, 234-35, 543 P3d 172 (2024) (stating that a petitioner must demonstrate that they would have proceeded to trial, and that an unsupported assertion to that effect is insufficient in the absence of credible evidence).

Here, the record does not demonstrate that petitioner would have rejected the plea agreement and proceeded with trial had counsel advised differently. Petitioner faced numerous charges across multiple jurisdictions, and the plea agreement substantially reduced that exposure through a negotiated sentence. The record contains no testimony or contemporaneous evidence indicating that petitioner would have jeopardized that agreement based on different advice anticipating a change in the law as to one of the 22 charges resolved in the agreement. Instead, the record reflects that petitioner's primary objective was to minimize the amount of time served in custody, a goal that is consistent with accepting the plea and inconsistent with rejecting it. Petitioner, therefore, has not established prejudice.

Affirmed.