No. 32 January 24, 2024 229

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RICO CARLOS NEWMANN,
*Petitioner-Appellant,*

*v.*

Josh HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV07571; A178839

Patricia A. Sullivan, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Rico Carlos Newman filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Tookey, Judge, and Kamins, Judge.

LAGESEN, C. J.

Affirmed.

## LAGESEN, C. J.

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions resulting from no-contest pleas that he entered in 2012. In his brief submitted through counsel, petitioner assigns four errors to the post-conviction court's judgment; petitioner also filed a *pro se* supplemental brief in which he raises two assignments of error. In the first assignment of error in each brief, petitioner contends that the post-conviction court erred in denying his motion under *Church v. Gladden*, 244 Or 308, 311-12, 417 P2d 992 (1966). In the second assignment of error in each brief, petitioner contends the post-conviction court erred in denying relief on his claim alleging that his trial counsel was constitutionally inadequate for failing to ensure that his pleas were "knowing." In the third and fourth assignments of error, petitioner, through counsel, argues the post-conviction court erred in denying relief on his claims alleging that his no-contest pleas violated his federal due process and equal protection rights, respectively. We review the post-conviction court's judgment for legal error and accept the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under that standard, we affirm.

The relevant facts are as follows. In 2012, petitioner pleaded no contest to 12 counts of criminal conduct arising from a drug-related armed robbery. *See State v. Newmann*, 278 Or App 675, 677-78, 375 P3d 551 (2016) (setting forth facts of underlying criminal proceeding). Two of those counts were for second-degree assault with a firearm based on petitioner, while armed with a gun, pushing the victim, and causing her physical injury. *Id*.

At the plea hearing, in response to the trial court's questions, petitioner stated that he understood the no-contest pleas, understood he was waiving his right to a jury trial, and understood the maximum sentence for each count. The court determined that petitioner's no-contest pleas were made freely, voluntarily, and intelligently, and sentenced petitioner to 300 months' incarceration.

In 2021, petitioner initiated this post-conviction proceeding. In a petition filed through counsel, he asserted, among other things, that his trial counsel was inadequate and ineffective for several reasons, that his no-contest pleas were not valid in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and that his federal due process and equal protection rights were violated as a result of those allegedly invalid pleas. Petitioner, *pro se*, later filed a *Church* motion[1] seeking a court order instructing his post-conviction counsel to raise a claim for relief that petitioner wanted to raise, but that counsel refused to assert, or for substitution of post-conviction counsel.

The post-conviction court held a hearing on petitioner's *Church* motion and gave petitioner an opportunity to explain the claim that he wanted to add to the petition. Petitioner told the court that he was no longer seeking substitution of his post-conviction counsel because the two had "come to a meeting of the minds" and that counsel would continue to represent him to pursue the claims counsel determined were "the most meritorious." Petitioner then explained that the one claim he wanted to raise but that counsel refused to bring was a claim asserting a violation of his right to a "fast and speedy" trial.

The court then asked counsel to explain his decision not to raise the fast and speedy trial right claim. Counsel explained that he could not ethically bring the claim under the Rules of Professional Conduct. The post-conviction court denied petitioner's *Church* motion because it agreed that counsel could not ethically bring the claim. The then court denied petitioner's petition for post-conviction relief in a written order. Petitioner appealed.

---

[1] The purpose of a *Church* motion is "to inform the post-conviction court that petitioner's counsel has failed to assert a ground for relief and to ask the court either to replace counsel or to instruct counsel to assert the ground for relief." *Bogle v. State of Oregon*, 363 Or 455, 472, 423 P3d 715 (2018). "[A] petitioner must show that counsel has failed to raise a ground for relief and, in doing so, has failed to exercise reasonable professional skill and judgment." *Id*. at 473. In turn, "a post-conviction court presented with a proper *Church* motion should review the motion and give the petitioner a reasonable opportunity to establish the basis for replacement or instruction of the petitioner's current counsel." *Id*. at 474. The court may also consider "all the other known circumstances" in the case and the court's own "observations of the performance of counsel" in ruling on a *Church* motion. *Id*. (internal citation and quotation marks omitted).

*First Assignment of Error.* Petitioner, through counsel and *pro se*, first contends that the post-conviction court erred in denying his *Church* motion. In petitioner's view, the fact that the post-conviction court asked post-conviction counsel why he was not raising certain claims and then considered post-conviction counsel's response demonstrates that the court applied the incorrect legal standard in denying petitioner's *Church* motion. He argues that, under *Lopez v. Nooth*, 287 Or App 731, 403 Pd 848 (2017), the post-conviction court should not have done either.

Petitioner's argument is unpreserved because he did not raise the issue to the post-conviction court, although he had the opportunity to do so. In particular, he never argued to the post-conviction court that counsel's responses were beyond that permitted under *Bogle v. State of Oregon*, 363 Or 455, 474, 423 P3d 715 (2018), and never argued that counsel's responses were otherwise improperly oppositional under *Lopez*. Thus, petitioner did not present the post-conviction court with an opportunity to respond to the claims he now raises on appeal. "[A]s a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Pohlman v. Cain*, 312 Or App 676, 680, 493 P3d 1095, *rev den*, 368 Or 787 (2021) (the petitioner did not preserve the argument that the post-conviction court misunderstood the legal standard to assess *Church* motions because the petitioner did not raise that issue to the court). As we have in cases with similar facts, we reject petitioner's claim of *Church* error for that reason. *Pohlman*, 312 Or App at 680-81; *Chrisco v. Blewett*, 313 Or App 622, 623, 491 P3d 832 (2021), *rev den*, 369 Or 211 (2022); *Bacon v. Cain*, 327 Or App 673, 679, 536 P3d 634 (2023) (rejecting as unpreserved the petitioner's *Church* argument and reversing on separate grounds).

*Second Assignment of Error.* In his second counseled and *pro se* assignment of error, petitioner contends that the post-conviction court erred in denying his claim for relief asserting that his trial counsel was in adequate and ineffective under the state and federal constitutions for failing ensure that his pleas were "knowing." Petitioner asserts that trial counsel failed to advise him that the two assault

charges did not have a factual basis, an omission that, in petitioner's view, means that his pleas were not knowing. Specifically, petitioner argues that the evidence was insufficient to show that he caused the victim physical injury. Petitioner further argues that he would not have entered the no-contest pleas had he known that the assault charges lacked factual bases.

As noted, petitioner's claims arise under both the state and federal constitutions. The standards for assessing those claims under both constitutions are "functionally equivalent." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017) (internal citations and quotation marks omitted). First, under the state constitution, a petitioner must show that trial counsel "failed to exercise reasonable professional skill and judgment," and under the federal constitution, that "counsel's performance fell below an objective standard of reasonableness." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). Second, under both constitutions, a petitioner must show that counsel's inadequate performance caused prejudice. *Id*. at 568.

In this case, we need not address the question of whether counsel's performance was deficient because the record supports the post-conviction court's determination that petitioner did not demonstrate that he was prejudiced by any deficiency in counsel's advice. To demonstrate prejudice under the circumstances of this case, petitioner would have to have shown that he would have decided against pleading no contest to the criminal charges and would have instead chosen to go to trial had trial counsel performed adequately. *Martin v. Kelly*, 328 Or App 98, 107, 537 P3d 200 (2023). Here, the post-conviction court found that petitioner was not credible in his declaration that he would have gone to trial on the two assault charges had he known about the alleged lack of factual bases for them. The post-conviction court's finding on petitioner's credibility binds us on appeal and precludes the conclusion that petitioner was prejudiced by the alleged deficiency in counsel's advice. *See Blain v. Cain*, 327 Or App 584, 588, 536 P3d 623 (2023) (absent credible evidence that the petitioner would have rejected a plea offer and proceeded to trial but for counsel's deficient advice,

the petitioner failed to establish prejudice); *see also State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (appellate court bound by factfinding court's "finding that a party's evidence is not sufficiently persuasive" (internal quotation marks omitted)).

*Third Assignment of Error.* In his third assignment of error, petitioner contends that the post-conviction court erred in denying relief on his standalone due process claim. Citing *Ramos*, 140 S Ct 1390, petitioner argues that his pleas violated federal due process, in view of the Supreme Court's subsequent decision that Oregon's allowance of nonunanimous jury verdicts violated the Sixth Amendment to the United States Constitution, as incorporated against the states via the Fourteenth Amendment. We understand petitioner's argument to be that his no-contest pleas are invalid because, at the time of his 2012 pleas, he did not know that he had the right to a unanimous jury verdict recognized years later in *Ramos*.

We addressed, and rejected, a similar argument in *Peeler v. Reyes*, 328 Or App 110, 118, 537 P3d 206 (2023). In *Peeler*, we explained that the validity of a criminal defendant's plea depends on whether the defendant was aware of the law as it existed at the time that they made the decision to plea. 328 Or App at 118. In that case, the post-conviction petitioner accepted the state's plea offer in which he pleaded guilty to several counts of criminal conduct in exchange for the state's dismissal of other counts to reduce the mandatory minimum the petitioner faced. *Id*. at 113. The petitioner entered his guilty plea in 2017, when controlling law permitted criminal convictions by nonunanimous juries in state courts, and he signed a declaration recognizing that fact. *Id*. On appeal from the denial of post-conviction relief, we held that petitioner's pre-*Ramos* plea was valid because he was correctly informed about his jury trial rights as they existed at the time he decided to plead guilty. *Id*. at 118-19.

Similarly, here, the record reflects that petitioner was correctly informed in 2012, when he decided to plead no contest to the criminal charges, about the possibility of being convicted by a nonunanimous jury. "The law at the time, and for [46] years prior, permitted criminal convictions

by nonunanimous juries in cases tried in state courts." *Smith*, 318 Or App at 568. Accordingly, under *Peeler,* the post-conviction court did not err in denying petitioner's due process claim.

*Fourth Assignment of Error.* In his fourth assignment of error, petitioner contends that the post-conviction court erred in denying relief on his federal equal protection claim. He argues that his no-contest pleas were the result of Oregon's racially motivated nonunanimous jury provision and, thus, the application of the provision to him would have been unconstitutional, had he not elected to plead no contest to the charges.

Assuming without deciding that petitioner's equal protection challenge to Oregon's nonunanimous jury rule would supply a basis for setting aside his pleas, to prevail on his equal protection claim, petitioner was required to prove that Oregon's nonunanimous jury law had a "racially disproportionate impact" and that it was enacted with an "invidious discriminatory purpose." *Washington v. Davis*, 426 US 229, 239-42, 96 S Ct 2040, 48 L Ed 2d 597 (1976). Petitioner cites *Ramos* to argue that Oregon's jury provision was enacted with a racially discriminatory purpose. *See* 140 S Ct at 1394 ("[C]ourts in both Louisiana and Oregon have frankly acknowledged that race was a motivating factor in the adoption of their States' respective nonunanimous rules."). But petitioner has not presented a factually supported argument that would allow for the conclusion that Oregon's nonunanimous jury rule had a "racially disproportionate impact." *Davis*, 426 US at 239-42. That omission defeats his equal protection claim; therefore, the post-conviction court did not err in rejecting the claim. *Id*. at 242 (it is not enough to meet only one factor of the equal protection analysis).

Affirmed.