164 February 22, 2024 No. 130

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LEVI ALAN LANDON,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV29008; A179985

J. Burdette Pratt, Judge.

Submitted  January 30, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief. In his sole assignment of error, he claims that the post-conviction court erred when it denied his claim that counsel provided inadequate and ineffective assistance of counsel under both the Oregon and United States Constitutions when counsel failed to inform petitioner of potential challenges to the state's motion to allow the use of prior bad acts evidence. For the reasons below, we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to show that counsel's representation fell below an objective standard of reasonableness and that, as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 689-90, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014). When a petitioner alleges inadequate and ineffective assistance of counsel in the plea process, the petitioner must demonstrate that, but for counsel's deficient representation, he would have rejected a plea offer and would have proceeded to trial. *Newmann v. Highberger*, 330 Or App 229, 234-35, ___ P3d ___ (2024).

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id.*

Here, the post-conviction court correctly denied relief. Although at various points petitioner argues that counsel was ineffective for failing to object or file a motion to challenge the admissibility of the prior conviction, petitioner's claim in the post-conviction proceeding was limited

to an argument that counsel was ineffective when counsel failed to *inform* him of the potential challenges. The denial of that claim is what we review for any error.

We conclude that the post-conviction court did not err in rejecting petitioner's contention that counsel performed inadequately by failing to inform petitioner about potential challenges to the evidence. Counsel's affidavit, which the post-conviction court credited, supports that he discussed the prior conviction with petitioner, including that counsel believed that it was "highly likely" that the conviction would come in at a trial. Counsel's affidavit also supports that, had petitioner informed counsel that he wanted to go to trial after discussing risks related to the prior conviction, counsel would have filed a response to the state's attempt to introduce the evidence.

In addition, petitioner's focus on the possible success of challenging the state's motion ignores that the issue of admissibility of the prior acts evidence arose at a time when petitioner was "already in negotiation mode" and when a plea offer was still on the table. The post-conviction court credited counsel's assertion that "once a client is trying to negotiate for a favorable deal, forcing the [district attorney] to further litigate outstanding pretrial motions can derail settlement discussions." Put another way, regardless of any possible chance of success in challenging the state's motion, litigating it carried the real risk that the favorable plea offer would be withdrawn. For that reason, too, the post-conviction court properly determined that petitioner failed to prove that counsel did not "exercise reasonable professional skill and judgment." *Trujillo*, 312 Or at 435.

Finally, regarding prejudice, the post-conviction court found as fact that if petitioner had gone to trial, his defense strategy required that he testify, at which point his prior conviction would have come in as impeachment evidence. Therefore, had petitioner exercised his right to trial, the challenge petitioner claims that counsel should have raised would not have prevented the introduction of the evidence. If a challenge would not have prevented the introduction of the evidence, there is no basis to conclude that, but for counsel's failure to inform petitioner of potential challenges,

petitioner would have rejected the plea offer and gone to trial, as required to demonstrate prejudice. *Newmann*, 330 Or App at 234-35. Thus, the post-conviction court did not err when it determined that petitioner had not demonstrated prejudice.

Affirmed.