768 April 10, 2024 No. 217

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SANDRA JOLENE VENABLES,
*Petitioner-Appellant,*

*v.*

NICHOLE BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
21CV27408; A179628

Patricia A. Sullivan, Senior Judge.

Submitted March 12, 2024.

Jedediah Peterson and O'Connor Weber LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying her petition for post-conviction relief from convictions resulting from no contest pleas. She argues that her trial counsel provided constitutionally inadequate and ineffective representation, in violation of the state and federal constitutions. Petitioner contends that counsel did not properly advise her about the eligibility requirements to qualify for Short-Term Transitional Leave (STTL)[1] or ensure that her sentence made her eligible for STTL, and that the post-conviction court erred in concluding to the contrary. We review the post-conviction court's denial of post-conviction relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under those standards, we affirm.

Petitioner, represented by counsel, pleaded no contest to three criminal counts in two separate cases in exchange for the state dropping other charges. Petitioner pleaded no contest to two counts in the first case and one count in the second case. At sentencing in the first case, the trial court sentenced petitioner to the Department of Corrections (DOC) for 12 months and to the Douglas County Jail for 30 days to run concurrently with the 12 months. In the second case, the trial court sentenced petitioner to DOC custody for 13 months, which was also to run concurrently with the other sentences. The court noted that petitioner "may receive credit for time served" and "may be considered * * * for any form of Reduction in Sentence[.]"

Petitioner was placed in DOC custody at Coffee Creek Correctional Facility. While there, petitioner learned that her 12-month sentence in the first case caused her to be ineligible for STTL because the Douglas County Jail had placed a detainer on her in connection with the 30-day jail term.

---

[1] STTL is a program through which adults in the custody of the DOC are eligible to transition out of prison and back into the community up to 120 days before their discharge date if they meet certain criteria. ORS 421.168(1), (4); OAR 291-063-0100; OAR 291-063-0120. Among those criteria is a requirement that the individual not have "a current detainer or other charges that would result in incarceration upon release to short-term transitional leave." OAR 291-063-0120(2)(d).

Petitioner then initiated the instant post-conviction proceedings. She argued that her trial counsel failed to exercise reasonable professional skill and judgment because counsel failed to advise her that the 30-day jail sentence would make her ineligible for STTL, which according to petitioner, means her pleas were not knowing, intelligent, and voluntary. Had counsel recognized the issue, petitioner asserted that she would have exercised her right to a jury trial. Alternatively, petitioner contends that, if counsel had recognized the issue, she would have requested that the state amend her plea deal to include 13-month concurrent sentences in both cases so that she would be eligible for STTL.

The post-conviction court denied relief. The court determined that trial counsel did not perform deficiently. The court also determined that petitioner did not show prejudice because her plea was not conditioned on receiving early release, and because it found her not credible in her assertion that she would have gone to trial had counsel provided different advice in light of the state dismissing several other charges of criminal conduct. The court did not expressly address petitioner's contention that, absent counsel's alleged deficiency, petitioner would have been able to obtain a different sentence structure that made her eligible for STTL. Petitioner appeals the post-conviction court's judgment and renews her arguments made to that court.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": A petitioner must show that defense counsel performed deficiently, and that the petitioner suffered prejudice as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022). To prove prejudice where, as here, a petitioner alleges that counsel's inadequate advice affected the petitioner's decision to plead no contest, the petitioner must establish by a preponderance of the evidence that, but for counsel's deficient advice, the petitioner would have rejected the plea deal and insisted on a trial. *Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172 (2024); *Cox v. Howton*, 268 Or App 840, 842, 343 P3d 677 (2015). Where a post-conviction court makes findings

on a party's credibility, those findings bind us on appeal. *Newmann*, 330 Or App at 234-35 (citing *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003)).

We affirm because, even if counsel performed deficiently with respect to the STTL issue, the trial court properly determined that petitioner failed to demonstrate that the alleged deficiency prejudicially affected her decision to plead no contest. *Newmann*, 330 Or App at 234; *Strickland v. Washington*, 466 US 668, 697, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (courts do not need to analyze counsel's performance if the petitioner does not show prejudice). Further, to the extent petitioner asserts that counsel's alleged deficiency prejudicially affected sentencing, petitioner's claim is moot.

Specifically, petitioner asserts that she was prejudiced in two ways. First, she claims counsel's advice caused her to accept a plea deal that she would have otherwise rejected. Second, she claims that the advice caused her to receive a sentence that made her ineligible for STTL.

As to the first form of prejudice, the post-conviction court found petitioner not credible in her assertion that she would have rejected the plea deal had counsel provided different advice. We are bound by that credibility finding. *Newmann*, 330 Or App at 234-35. Given that finding, the post-conviction court properly concluded that petitioner did not show she would have gone to trial and rejected the plea deal had counsel performed differently.

As to petitioner's claim that counsel's alleged deficiency prejudicially affected sentencing by depriving her of eligibility for STTL, petitioner is now out of custody, having ultimately been granted STTL,[2] and the superintendent argues that the claim is therefore moot because resolution of it can have no practical effect on petitioner's rights. Petitioner has not disputed that proposition. Under the circumstances, we are persuaded that the claim is moot and do not reach it for that reason. *See State v. K. J. B.*, 362 Or 777, 785, 416 P3d 291 (2018) (discussing framework

---

[2] The superintendent provided the court with DOC documentation showing that petitioner was released on STTL. Petitioner has not disputed the document.

for determining whether appellate issue is moot; explaining that issue becomes moot "when a court's decision will no longer have a practical effect on the rights of the parties") (internal quotation marks omitted); *see also Dept. of Human Services v. T .J. N.*, 371 Or 650, 657-58, 540 P3d 540 (2023) (discussing framework for determining whether appellate issue is moot).

Affirmed.