616        August 28, 2024        No. 601

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSEPH EAGLE COLTON,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV08657; A179299

J. Burdette Pratt, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions entered pursuant to a plea deal. He argues that his trial counsel provided constitutionally inadequate and ineffective representation by failing to ensure that his no contest pleas were knowing, intelligent, and voluntary. We review the post-conviction court's judgment for legal error and accept the court's supported implicit and explicit factual findings, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We affirm.

While incarcerated and awaiting trial on seven criminal charges, petitioner accepted a plea deal. Under the terms of the deal, petitioner would be released from custody in exchange for his no contest pleas to two charges. Sentencing would take place at a later time, at which the state would recommend a 40-month sentence on one charge, and a 20-month sentence on the other charge, for a total of five years' imprisonment. Petitioner was advised that, if he failed to appear at future hearings, the state would not be bound by the sentencing agreement and would ask for a 10-year sentence. Petitioner's primary motivation in accepting the plea deal (according to his subsequent testimony in support of this post-conviction petition) was to be released from custody to assist his ill father and to care for his son.

Petitioner's trial counsel, Sternhagen, did not think the state's plea offer was a good deal and advised petitioner to decline the deal and instead request a settlement conference. Petitioner refused to entertain a settlement conference, because he was intent on getting out of custody. Counsel accordingly moved forward with submitting the plea agreement. The trial court engaged petitioner in a colloquy to ensure he understood the plea, the charges he was pleading to, and the conditions of his release. The trial court then found that petitioner's plea was made freely, voluntarily, and knowingly. Petitioner was then released from custody as agreed.

Upon his release, petitioner stopped communicating with Sternhagen. Petitioner also did not appear for sentencing, and the trial court issued a bench warrant for his arrest. Upon petitioner's arrest, trial counsel withdrew from

representing petitioner in anticipation that she would be called as a witness on petitioner's failure to appear. Counsel Rohrbough replaced Sternhagen and then moved to withdraw petitioner's no contest pleas, arguing that the no contest pleas were entered under duress. The court denied the motion. The court then sentenced petitioner to an eight-year prison term. Petitioner appealed, but ultimately dismissed the appeal before filing any briefs.

Petitioner then filed for post-conviction relief. He alleged on two separate bases that Sternhagen had provided constitutionally inadequate and ineffective representation by failing to ensure that his no contest pleas were entered knowingly, intelligently, and voluntarily. The first alleged basis for the claim was that Sternhagen placed "unreasonable pressure" on petitioner to accept the plea deal; the second was that Sternhagen failed to adequately explain the consequences of the plea deal "in a manner that petitioner could fully understand and appreciate." In support of both allegations, petitioner asserted that reasonable trial counsel would have known that petitioner "was exhibiting symptoms of restlessness, anxiety, and possible psychosis prior to entering the plea agreement" and that "reasonable trial counsel would have known these symptoms impair a person's ability to understand and appreciate the consequences of entering a plea agreement." He further asserted that he would not have accepted the plea deal had counsel performed adequately.

Sternhagen denied that she had placed unreasonable pressure on petitioner to accept the plea deal and stated that she did not observe petitioner exhibiting any psychological symptoms. She further stated that petitioner never brought the claimed impairments to her attention, and so she had no reason to believe that petitioner could not understand the details and consequences of the plea deal.

The post-conviction court denied both claims for relief after finding Sternhagen's testimony credible and petitioner's testimony not credible.[1] As to the first claim,

---

[1] Petitioner also claimed that his substitute counsel, Rohrbough, was ineffective and inadequate in failing to object, take exception, and preserve any claim as to an improper and illegal sentence. The post-conviction court granted that claim for relief, and that claim is not at issue on appeal.

alleging that Sternhagen placed unreasonable pressure on petitioner to accept the plea, the court determined that petitioner did not carry his evidentiary burden to prove the allegation, given the evidence that petitioner rejected Sternhagen's advice to not accept the plea deal. The court also determined that petitioner failed to prove that his mental health status prevented him from entering a valid plea, because the evidence in the record demonstrated that petitioner understood the proceedings, the nature of the charges, and the nature of the plea offer. As to the second claim, alleging that Sternhagen failed to explain to petitioner the consequences of the plea deal in a manner that petitioner could fully understand, the court determined that Sternhagen adequately advised petitioner of his rights and that petitioner failed to prove he would have rejected the plea offer and proceeded to trial had Sternhagen provided different advice. Petitioner challenges both of those rulings on appeal.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently, and that the petitioner suffered prejudice as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To prove prejudice where, as here, the petitioner alleges that counsel's inadequate advice affected the petitioner's decision to plead no contest, the petitioner must establish by a preponderance of the evidence that, but for counsel's deficient advice, the petitioner would have rejected the plea deal and insisted on a trial. *Peeler v. Reyes*, 328 Or App 110, 115, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024). When a post-conviction court makes findings on a party's credibility, those findings bind us on appeal. *Newmann v. Highberger*, 330 Or App 229, 234-35, 543 P3d 172, *rev den*, 372 Or 588 (2024) (citing *State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003)).

We conclude that the post-conviction court did not err in denying post-conviction relief, because the post-conviction court's supported factual findings preclude the determination that trial counsel's performance was

deficient in the manners alleged. Specifically, the record supports the court's findings that Sternhagen explained to petitioner the nature and consequences of no contest pleas, that Sternhagen advised petitioner against taking the deal, and that petitioner nonetheless rejected Sternhagen's advice and insisted on taking the plea to be released from custody. The record also supports the post-conviction court's finding that petitioner failed to prove that his mental health condition was such that he could not enter a valid plea. *See Johnson*, 335 Or at 523 (explaining that appellate court "is bound by a trial court's 'finding' that a party's evidence is not sufficiently persuasive"). Those binding findings dispose of petitioner's claims about counsel's performance, which, to succeed, would require a different view of the facts.

Affirmed.