452 April 2, 2025 No. 286

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHARLES JENKINS, JR.,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV31263; A182399

Patricia A. Sullivan, Senior Judge.

Submitted February 14, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying his successive petition for post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). Petitioner filed a separate section B brief, and the state filed an answering brief. *See* ORAP 5.90(1)(b). Under ORAP 5.90(3), our review is to determine whether this case presents "one or more arguably meritorious issues." For the reasons explained below, we conclude that it does not and, therefore, affirm.[1]

In 2009, petitioner pleaded guilty to one count of aggravated murder and three counts of first-degree robbery. The trial court sentenced him to a stipulated sentence of life in prison with eligibility for parole after 30 years for the murder conviction and 90 months in prison for the robbery convictions.

In 2020, petitioner filed his second successive petition for post-conviction relief arguing ineffective assistance of counsel. Relying on *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner argued that trial counsel should have advised him in 2009 that Oregon's nonunanimous jury rule was likely to be found unconstitutional. The post-conviction court denied relief determining, among other things, that trial counsel correctly advised petitioner of the state of the law at the time he entered his plea. In so ruling, the post-conviction court did not err. In *Peeler v. Reyes*, 328 Or App 110, 118, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024), we explained that the validity of a criminal defendant's plea depends on the law as it existed when the decision was made.

In the section B brief, petitioner raises additional arguments as to why, in his view, he is entitled to post-conviction relief. Those contentions do not raise any "arguably meritorious issues" because they were not presented to

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same). ORAP 5.90(1) requires an opening brief with two sections rather than a separate Section B brief. We encourage appointed counsel to file one opening brief.

the post-conviction court, and the record does not reveal an "arguably meritorious" argument for plain-error review. *See Newmann v. Highberger*, 330 Or App 229, 233, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("[A]s a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." (Internal quotation marks omitted.)).

In sum, having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, including the arguments in Section B, and the superintendent's response to those arguments, we have identified no arguably meritorious issues.

Affirmed.