118 August 27, 2025 No. 769

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MARK ALLEN ANDERSON,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV28324; A185044

W. D. Cramer, Jr., Senior Judge.

Submitted July 11, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Erin Galli, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In the underlying criminal case, petitioner pleaded guilty to multiple counts of first-degree invasion of personal privacy against three different victims. The plea agreement provided for "open sentencing" as well as other provisions related to sentencing, and it provided that the state would dismiss 20 additional charges against petitioner.

In his petition for post-conviction relief, petitioner alleged that his trial counsel failed to properly counsel him in a number of ways and that trial counsel failed to present mitigation evidence at sentencing due to a failure to comply with the trial court's instructions.

The post-conviction court found trial counsel's declaration to be credible and petitioner's testimony at the post-conviction trial to not be credible. *Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal ***.") It denied petitioner's claims.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g., State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).