No. 1009 November 26, 2025 161

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

EDWARD PAUL MORRIS,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Tillamook County Circuit Court
20CV33561; A179507

Mari Garric Trevino, Judge.

Submitted March 18, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

Hellman, J., concurring.

**POWERS, J.**

Petitioner seeks reversal of a judgment dismissing his petition to initiate post-conviction DNA testing under ORS 138.690. In a single assignment of error, petitioner argues that the post-conviction court erred by failing to *sua sponte* appoint suitable counsel for petitioner after his appointed counsel filed a motion to dismiss the proceeding despite petitioner's objection. We affirm.

The pertinent facts are relatively few and undisputed. In 2004, petitioner was convicted of aggravated murder after pleading guilty to killing his wife and three children. In September 2020, petitioner alleged that two other men were responsible for the aggravated murders, and he filed a post-conviction petition for DNA testing and appointment of counsel under ORS 138.690. The post-conviction court appointed counsel in December 2020.

In June 2022, petitioner's counsel moved to dismiss the petition, noting that petitioner objected. Counsel attached a declaration to that motion, in which he explained that he had thoroughly reviewed petitioner's petition and supporting declaration, exchanged about 25 letters with petitioner, and spoke to petitioner by phone. Counsel also spoke to the Tillamook County District Attorney and one of petitioner's criminal trial lawyers, both of whom told counsel that the prospect of a perpetrator other than petitioner was not part of the underlying case. For that reason, counsel could not certify in good faith the DNA testing requirement that "[t]he identity of the individual who committed the crime or conduct was at issue in the underlying prosecution." ORS 138.692(1)(b)(C)(i).[1] Counsel also attached a

---

[1] ORS 138.692 provides, in part:

"(1) After a person files a petition under ORS 138.690, the person may file a motion requesting the performance of DNA testing on evidence. The motion must be supported by:

"(a) A declaration by the person made under penalty of perjury that the person is innocent of the offense for which the person was convicted; and

"(b) A statement that:

"(A) Identifies the evidence to be tested with as much specificity as is reasonably practicable. The evidence must have been secured in connection with the prosecution, including the investigation, that resulted in the conviction of the person;

declaration from petitioner in aid of petitioner's objection, which asked the court to, among other actions, "void the plea agreement."

The post-conviction court held a hearing on counsel's motion. At the hearing, petitioner's counsel declined to provide additional arguments about his motion to dismiss because he was "reticent to advocate against a client." Petitioner argued on his own behalf asserting, among other arguments, that the crimes were committed by two other men and that his post-conviction petition should not be dismissed. At no point during that argument did petitioner ask for a different attorney or express dissatisfaction with his counsel. The district attorney told the court that petitioner had "completely confessed to the crime" and that the identity of the perpetrator was not at issue in the underlying criminal proceedings. Ultimately, the post-conviction court concluded that "there is no evidence that has been presented that a dispute existed in the underlying prosecution regarding the identity of the individual who committed the crime" and granted the motion to dismiss. Petitioner timely appeals.

On appeal, petitioner argues that, because appointed counsel became oppositional to him, the post-conviction court erred by failing to *sua sponte* appoint suitable counsel after counsel moved to dismiss the petition.[2] Petitioner acknowledges that the claim is not preserved but requests plain-error review. *See, e.g.*, *State v. Gornick*, 340

---

"(B) Includes the results of any previous DNA test of the evidence if a previous DNA test was conducted by either the prosecution or the defense;

"(C)(i) The identity of the individual who committed the crime or conduct was at issue in the underlying prosecution; or

"(ii) No crime occurred; and

"(D) Explains, in light of all the evidence, how there is a reasonable probability that, had exculpatory results been available at the time of the underlying prosecution:

"(i) The person would not have been prosecuted or convicted of the offense; or

"(ii) There would have been a more favorable outcome to the underlying prosecution."

[2] On appeal, petitioner relies on cases involving motions filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), and asserts that "the principles *** and general rules of attorney conduct would apply to an attorney at a DNA testing hearing as well." We need not decide whether *Church* motions apply in post-conviction DNA proceedings given our disposition explained below.

Or 160, 166, 130 P3d 780 (2006) (noting that for an error to be plain, the claimed error must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose between competing inferences); *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (providing a non-exhaustive list of factors to consider in deciding whether to exercise discretion to correct plain error, including "whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error").

Here, there is no clear error of law apparent on the record. Although petitioner's declaration outlined his objection to the motion to dismiss the DNA petition, he never expressed dissatisfaction with counsel or requested substitute counsel. In that situation, the post-conviction court did not have a duty to *sua sponte* inquire whether petitioner wanted substitute counsel. *See, e.g.*, *State v. Crain*, 192 Or App 328, 332, 84 P3d 1092, *rev den*, 337 Or 556 (2004) (observing that a "request for substitute counsel must be affirmatively presented" and that the court has "no duty to inquire *sua sponte* into the matter"). Moreover, counsel explained that, after investigation and research, he made the decision not to assert the grounds that the petitioner wanted counsel to raise because he could not certify the DNA testing requirement. *See* ORS 138.690(1) (providing that the purpose of appointing an attorney is to "determin[e] whether to file a motion under ORS 138.692 for the performance of DNA testing on specific evidence"). Thus, it is not beyond dispute that the post-conviction court was required to deny the motion to dismiss and appoint substitute counsel under the circumstances. Accordingly, any error was not plain.

Finally, even if the requirements for plain-error review were met, we would decline to exercise our discretion given that petitioner had the opportunity to present the issue to the post-conviction court to develop a record on the issue. Indeed, we have declined to address similar arguments from petitioners who argued that the post-conviction court erred in handling claims that their post-conviction counsel became oppositional to them because the petitioners raised

those claims for the first time on appeal and did not raise the issue to the post-conviction court. *See, e.g.*, *Vega-Arrieta v. Blewett*, 331 Or App 416, 426-27, 545 P3d 746, *rev den*, 372 Or 763 (2024); *Newmann v. Highberger*, 330 Or App 229, 233, 543 P3d 172, *rev den*, 372 Or 588 (2024).

Affirmed.

**HELLMAN, J.,** concurring.

I concur in the disposition of this case, although not without serious regrets. A lawyer's duties to protect a client's confidences and advocate for their interests are central and defining features of the attorney-client relationship. In this case, I am troubled by counsel's decision to file a motion to dismiss petitioner's case, over petitioner's objection, instead of moving to withdraw. I am also troubled by the level of detail counsel provided in his declaration accompanying that motion. And I am troubled by the fact that, under our standard of review, the legally correct answer to the question as presented on appeal is to affirm, as the majority concludes.

Pursuant to the Rules of Professional Conduct (RPC), attorneys owe a duty of confidentiality to their clients, RPC 1.6, and are required to "abide by a client's decision concerning the objectives of [the] representation." RPC 1.2. At the same time, attorneys have a duty of candor to the court and cannot advance legal or factual positions they know to be false or unsupported by law. RPC 3.3. Lawyers, especially criminal defense lawyers, are often placed in a position where they must balance those duties and determine how to provide the court with required information without revealing confidential information or undermining their client's position. Counsel did not strike the right balance here.

Counsel was appointed to represent petitioner after petitioner filed a post-conviction petition seeking DNA testing under ORS 138.690. After investigating petitioner's case and consulting with petitioner, counsel concluded that there was no legal basis upon which to obtain DNA testing in petitioner's case. Thereafter, counsel filed a motion to dismiss the case, which included a detailed declaration in support. In that declaration, counsel detailed his work on petitioner's

case, including that he read petitioner's voluminous pleadings "twice," discussed the case with petitioner in a lengthy telephone call, and consulted with petitioner's prior counsel and the district attorney, who each provided counsel with adverse information about his client's case. That level of detail was not needed when a simple statement that counsel had "investigated and found no good faith basis to file a motion for DNA testing" would have sufficed. Moreover, the nature, content, and results of an investigation on a client's behalf are covered by the attorney-client privilege, and the record here does not indicate that petitioner waived that right or that there was any other basis to support disclosure.

Even more concerning, after counsel determined that there was no good faith basis to file a motion for DNA testing, he filed a motion to dismiss the case. That was wrong. The correct course of action was to file a motion to withdraw as counsel, which is the path to take when a lawyer believes they cannot ethically pursue their client's case in the manner that the client wishes. To emphasize, it was petitioner's case, not counsel's. Whether to proceed with or dismiss a case is an ultimate "objective[] of the representation" and it was therefore petitioner's decision to either pursue or abandon his case. RPC 1.2; *see also Mccoy v. Louisiana*, 584 US 414, 422, 138 S Ct 1500, 200 L Ed 2d 821 (2018) (explaining that "[c]ounsel provides his or her assistance by making decisions such as what arguments to pursue" but that a criminal defendant has "[a]utonomy to decide * * * the objective of the defense"). Here, petitioner—*the client*—objected to the motion to dismiss, both in written pleadings and at the hearing. I cannot fathom a situation in which an attorney could permissibly move to dismiss a case over their client's objection. Would a trial court dismiss Microsoft's patent infringement litigation against Google at the request of Microsoft's lawyers if Microsoft—the client—objected to the dismissal? No. By contrast, withdrawing as counsel is a common, everyday occurrence, which protects and honors the duty of confidentiality to the client as well as the duty of candor to the court.

As attorneys must strike balances, so too must judges. Even in the face of significant concerns with

petitioner's case, both the plain error standard of review and claim raised on appeal limit our ability to remedy those concerns. We are not asked to determine whether the post-conviction court plainly erred when it dismissed the case on counsel's motion and over petitioner's objection, which, in my view, it likely did. Nor are we asked to determine whether counsel's filing of the motion to dismiss severed the attorney-client relationship, such that counsel was no longer acting on petitioner's behalf. Instead, we are asked to determine whether the post-conviction court plainly erred when it did not appoint new counsel after counsel filed the motion to dismiss.

A determination as to whether there are grounds to appoint new counsel is a highly fact-specific inquiry, and simply because one counsel is allowed to withdraw does not guarantee that a new one will be appointed. *See, e.g., State v. Crain*, 192 Or App 328, 332, 84 P3d 1092, *rev den*, 337 Or 556 (2004) ("[W]hen presented with a defendant's request for substitution of court-appointed counsel, a trial court must assess the facts and determine whether the defendant's complaint provides a legitimate ground for such a substitution."). Because petitioner did not affirmatively request new counsel, the factual record on this point was never developed. Moreover, petitioner does not cite any case in which we have upheld a trial or post-conviction court's decision to *sua sponte* remove counsel in favor of substitute counsel. (Admittedly, I am not surprised, given that such action would itself be a significantly problematic intrusion into the attorney-client relationship.) Under the controlling law, and on this limited record, the error petitioner asserts is not plain.

I regretfully concur.