492 February 25, 2026 No. 156

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

OLEGARIO MORON RODRIGUEZ,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,

Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV48452; A186947

J. Burdette Pratt, Senior Judge.

Submitted January 9, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Based on domestic violence against his wife, petitioner was charged with multiple offenses as well as multiple first-degree failures to appear. Pursuant to a plea agreement that included reducing charges on two counts and dismissing all of the remaining counts, petitioner pleaded guilty to first-degree burglary and unlawful use of a weapon. The agreement specified that the state would ask for 36 months' imprisonment on each count, to run concurrently, and that petitioner was free to argue for a downward departure. The sentencing court imposed 34 months' imprisonment on each count, to run concurrently, and three years' post-prison supervision.

In the post-conviction court, petitioner alleged two claims. One was a claim of ineffective assistance of counsel, based on allegations that counsel had not ensured that petitioner understood the plea agreement. The other claim was a stand-alone due process claim that his plea had not been knowing and voluntary. After a trial, the post-conviction court denied relief on both claims. The post-conviction court found that petitioner's counsel had ensured that he understood the plea agreement, and that counsel's efforts and the court that accepted petitioner's plea had ensured that his plea was knowing, intelligent, and voluntary.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues. *See Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) (post-conviction court's findings of historical fact are binding on appellate court if there is evidence in the record to support them); *see also Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*,

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal * * *.").

Affirmed.