No. 379 May 6, 2026 339

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL RAY WATTS,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV34011; A185176

Joanna A. Marikos, Judge.

Submitted March 13, 2026.

Corbin Brooks and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B. *See* ORAP 5.90(1)(b). We affirm.

In 2016, petitioner pleaded guilty to sex abuse in the second degree and sodomy in the third degree, and was sentenced to three years of probation, which was revoked based on petitioner's admission in 2017. In 2017, petitioner pleaded no contest to promoting prostitution and was sentenced to 108 days in jail, and also pleaded no contest to tampering with a witness and was sentenced 26 months in jail. Petitioner did not appeal the convictions.

Petitioner filed a *pro se* petition for post-conviction relief in 2020, claiming that he was provided with ineffective assistance of counsel as to each of his convictions. In his second amended petition, prepared with the assistance of counsel, petitioner argued only that he was provided with ineffective assistance of counsel with respect to his 2016 conviction. Petitioner argued that the petition was not procedurally barred because he was unaware of the availability of post-conviction relief until 2020, and because legal materials were not available in jail. At the post-conviction trial, petitioner testified that he was factually innocent of the offenses because the victim was not under 16 years of age and that trial counsel pressured him into entering a guilty plea. The post-conviction court denied relief on the basis that petitioner's claim was procedurally barred. ORS 138.510(3)(a) (post-conviction petition must be filed within two years of entry of judgment of conviction); *see Brown v. Baldwin*, 131 Or App 356, 360-61, 885 P2d 707 (1994), *rev den*, 320 Or 507 (1995) (Information about limitations period for filing for post-conviction relief was reasonably available to petitioner because it "was embodied in statutes that were published and made available to the public by ordinary means.").

In section B of the *Balfour* brief, petitioner argues that the trial court erred in accepting his guilty plea. Petitioner also claims that his phone was illegally searched,

that he was factually innocent of the charges, that a statutory affirmative defense was available to him, that the prosecution did not disclose favorable *Brady* materials, that lifetime sex-offender registration is unconstitutional, that unrecorded grand jury proceedings undermine due process. Petitioner claims that trial counsel provided ineffective assistance by failing to investigate exculpatory evidence, to provide discovery, to challenge an unconstitutional search, advise on affirmative defenses, and explain lifetime sex-offender registration consequences. Those claims do not present an arguably meritorious basis for post-conviction relief. *See Newmann v. Highberger*, 330 Or App 229, 233, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("[A]s a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." (Internal quotation marks omitted.)); ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]").

Finally, petitioner claims that post-conviction counsel was ineffective in refusing to raise meritorious claims, and that as a result his procedural default is excused. Petitioner's post-conviction counsel's allegedly deficient performance is not itself a ground for post-conviction relief. *See* ORS 138.530(1)(a) (enumerated grounds for post-conviction relief must involve a substantial denial of a constitutional right "in the proceedings resulting in petitioner's conviction, or in the appellate review thereof"). To the extent that petitioner claims that his post-conviction attorney failed to raise a ground for relief, petitioner filed and subsequently withdrew a motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), so there is no arguably meritorious issue as to whether the post-conviction court should have directed counsel to take action in response to petitioner's complaints about his performance.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.