No. 386 May 6, 2026 357

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SETH SUM,
*Petitioner-Appellant,*

*v.*

Joe WOODLAND,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
24CV13647; A188077

J. Burdette Pratt, Senior Judge.

Submitted March 13, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

In the underlying criminal cases, petitioner pleaded guilty to one count of first-degree burglary, ORS 164.225, in each of two cases. Additionally in a third case, petitioner pleaded guilty to one count of felon in possession of a firearm, ORS 166.270, and one count of unlawful use of a weapon, ORS 166.220.

Petitioner filed a petition for post-conviction relief alleging that his trial counsel rendered inadequate and ineffective assistance when he (1) failed to ensure that petitioner had complete discovery before he pleaded guilty, which rendered the plea involuntary, and (2) placed unreasonable pressure on petitioner to plead guilty, which caused petitioner to plead guilty when he did not want to do so.

The post-conviction court denied relief on each of petitioner's claims. Among other points, the post-conviction court found that petitioner was not credible in his testimony to the post-conviction court; that trial counsel was credible in a declaration filed in the post-conviction court in which trial counsel explained the circumstances of petitioner's plea; and that petitioner had "failed to offer any of the alleged late discovery," including a purported exculpatory video into evidence.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues. *Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal ***.").

Affirmed.